1

2

3

4

5

6

7

8

9

10

11

12

13

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRUCE MATTHYS,<br><br>                                      Plaintiff,<br><br>        v.<br><br>BARRICK GOLD OF NORTH AMERICA,<br>INC., a Delaware corporation; BARRICK<br>TURQUOISE RIDGE, INC., a Delaware<br>corporation,<br><br>                                      Defendants. | Case No. 3:20-cv-00034-LRH-CLB<br><br>ORDER |

14    Defendant Barrick Turquoise Ridge, Inc. ("Barrick")[1] moves this Court to dismiss Plaintiff

15 Bruce Matthys' first amended complaint. ECF No. 11. Matthys opposed (ECF No. 16) and Barrick

16 replied (ECF No. 20). For the reasons contained within this Order, the Court grants in part and

17 denies in part Barrick's motion.

18 **I.    BACKGROUND**

19    From 2011 to May 22, 2018, Matthys was employed by Barrick as a Tech V at defendant's

20 mine site near Golconda, Nevada. ECF No. 8 ¶¶ 1, 4, 7. After Matthys failed a pulmonary function

21 test in November or December 2018, Matthys requested a "reasonable accommodation" due to

22 this disability which limits his breathing and affects his lungs. *Id.* ¶¶ 8-9. In February 2019, Barrick

23 provided Matthys with a Positive Pressure Respirator ("PPR"); however, plaintiff alleges that the

24 PPR continued to breakdown and required repair and new parts that Barrick either refused, failed,

25

26 [1] Per agreement and stipulation, named defendant Barrick Gold of North America, Inc was dismissed
without prejudice from the initial complaint (*see* ECF No. 5), but Matthys included it in the subsequently

27 filed First Amended Complaint (*see* ECF No. 8). Barrick noted this error in its motion and reply, but
Matthys did not address it in his response, or anywhere else in the record. Because Matthys included Barrick

28 Gold of North America, Inc. as a party in his First Amended Complaint, the Court must consider it a party
to this suit unless plaintiff provides the Court with notice otherwise.

or delayed doing. *Id.* ¶¶ 9-10. On May 22, 2019, Barrick terminated Matthys' employment for failing to complete an equipment inspection and/or bypassing a safety device. *Id.* ¶¶ 11-12. Matthys denies such wrongdoing and alleges that his termination was pretext and an attempt to coverup Barrick's discrimination and retaliation due to Matthys' disability and his request for a reasonable accommodation. *Id.* ¶¶ 12-13. Plaintiff further alleges that after his termination, he was unable to obtain employment from other contractors in the field because Barrick instructed these contractors to not hire Matthys. *Id.* ¶ 15.

On July 9, 2019, Matthys initially filed his charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), but it was not perfected until October 17, 2019, as Charge # 550-2019-001546. *Id.* ¶ 16. The EEOC issued him a Notice of Suit Rights on October 22, 2019. *Id.* ¶ 19. On March 16, 2020, Matthys filed a separate charge with the Nevada Equal Rights Commission ("NERC") alleging retaliation in violation of Nevada law. *Id.* ¶ 17. This charge is still pending and Matthys has not been issued a Notice of Suit Rights yet, and intends to either amend his First Amended Complaint in this suit or file a separate law suit when exhaustion of his administrative remedies is complete. *Id.* ¶ 20.

Matthys filed his initial Complaint in this Court on January 16, 2020, and subsequently filed his First Amended Complaint on March 21, 2020, asserting five causes of action: (1) discrimination in violation of the Americans with Disabilities Act; (2) discrimination in violation of Nevada Revised Statute ("NRS") § 613.330; (3) blacklisting in violation of NRS § 613.210; (4) preventing plaintiff from obtaining new employment in violation of NRS § 613.200; and (5) intentional interference with prospective economic advantage. ECF Nos. 1 & 8. Barrick filed the pending motion to dismiss all of Matthys' claims for (1) failure to plead his disparate treatment and failure to accommodate claims separately, (2) failure to assert his failure to accommodate claims during the administrative proceedings, (3) because the NRS statutes do not provide a private right of action, and (4) failure to allege sufficient facts to support intentional interference. ECF No. 11. For the reasons contained within this Order, the Court grants in part and denies in part Barrick's motion.

///

## II.      LEGAL STANDARD

**Motion to Dismiss Pursuant to Federal Civil Procedure Rule 12(b)(6)**

A party may seek the dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a legally cognizable cause of action. *See* FED. R. CIV. P. 12(b)(6) (stating that a party may file a motion to dismiss for "failure to state a claim upon which relief can be granted"). To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the notice pleading standard of Federal Rule 8(a). *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8(a) does not require "detailed factual allegations"; however, a "pleading that offers only 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient and fails to meet this broad pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To sufficiently allege a claim under Rule 8(a)(2), viewed within the context of a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the alleged misconduct. *See id.* at 678-679 (stating that "[t]he plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks and citations omitted)). Further, in reviewing a motion to dismiss, the court accepts the factual allegations in the complaint as true. *Id.* However, "bare assertions" in a complaint amounting "to nothing more than a 'formulaic recitation of the elements'" of a claim are not entitled to an assumption of truth. *Id.* at 680-81 (quoting *Twombly*, 550 U.S. at 555). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Moss v. U.S.*

1   *Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "In sum, for a complaint to survive a motion to

2   dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must

3   be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

4   **III.   DISCUSSION**

5       **A. Matthys' first and second causes of action for discrimination in violation of the**
    **Americans with Disabilities Act and Nevada Revised Statute § 613.330 are dismissed**
6   **in part.**

7       Matthys' first cause of action for discrimination in violation of the Americans with

8   Disabilities Act ("ADA") asserts two distinct claims—a failure of Barrick to provide Matthys with

9   a reasonable accommodation, and termination of Matthys' employment due to his disability. *See*

10  ECF No. 8.  Barrick argues that when Matthys filed his October 17, 2019 charge of discrimination

11  with the EEOC, he only articulated that he was discriminated against due to his disability, not that

12  Barrick failed to accommodate him for his disability by failing, refusing, or delaying repairing his

13  PPR equipment. Barrick therefore argues that any claims for failure to accommodate must be

14  dismissed for failure to exhaust his administrative remedies.

15      Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*,

16  437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case

17  unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville*

18  *Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). In a discrimination case like this, for a court to

19  have subject matter jurisdiction, the plaintiff must have exhausted his EEOC administrative

20  remedies prior to bringing the claim in federal court. *E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891,

21  899 (9th Cir. 1994).  While "failure to file an EEOC complaint is not a complete bar to district

22  court jurisdiction, substantial compliance with the exhaustion requirement is a jurisdictional pre-

23  requisite." *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003). Even though "[t]he specific

24  claims made in district court ordinarily must be presented to the EEOC, . . . the district court has

25  jurisdiction over any charges of discrimination that are 'like or reasonably related to' the

26  allegations made before the EEOC, as well as charges that are within the scope of an EEOC

27  investigation that reasonably could be expected to grow out of the allegations." *Id.* (quoting *Sosa*

28  *v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990)). "In determining whether a plaintiff has

exhausted allegations that [he] did not specify in [his] administrative charge, it is appropriate to consider such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002). "In addition, the court should consider plaintiff's civil claims to be reasonably related to allegations in the charge to the extent that those claims are consistent with the plaintiff's original theory of the case." *Id.* In doing so, the court must construe the EEOC charge with the "utmost liberality." *Yamaguchi v. U.S. Dep't of the Air Force*, 109 F.3d 1475, 1480 (9th Cir. 1997) (quoting *Farmer Bros. Co.*, 31 F.3d at 899).

In plaintiff's EEOC charge, he alleges discrimination based on his "disability." ECF No. 11-1.[2] While defendant argues that plaintiff should have checked the box to allege failure to accommodate as well as disparate treatment discrimination, the Court notes that the charge only provides one box to check—discrimination due to disability. Matthys provides that the date the discrimination took place was on May 22, 2019 (as both the earliest and latest date of discrimination). *Id.* Plaintiff then stated:

> I was employed with [defendant] at various times. My last tenure lasted 8 years. My last job title was Tech V. In or around the early months of 2019, I underwent a pulmonary function test which I failed and was subsequently issued Positive Pressure Respirator.
> shortly thereafter, I was discharged, on or about 5/22/2019, for allegedly failing to complete equipment inspection and/or bypassing a safety device; however, this characterization was inaccurate.
> I believe I was discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

*Id.* As the "crucial element of a charge of discrimination is the factual statement contained therein," this statement weighs heavy in the Court's analysis. *Maui Police Dep't*, 276 F.3d at 1100 (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 462 (5th Cir. 1970)).

---

[2] The court takes judicial notice of Matthys' EEOC charge of discrimination because it is an administrative record. *See* FED. R. EVID. 201; *Annenberg v. Clark Cty. Sch. Dist.*, No. 2:17-cv-03090-APG-NJK, 2018 WL 3014791, at *1 n.1 (D. Nev. June 15, 2018); *Mazzorana v. Emergency Physicians Med. Grp., Inc.*, No. 2:12-CV-1837-JCM-PAL, 2013 WL 4040791, at *5 n.3 (D. Nev. Aug. 6, 2013) ("If adjudicative facts or matters of public record meet the requirements of Fed R. Evid. 201, a court may judicially notice them in deciding a motion to dismiss."); *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (Courts "may take judicial notice of records and reports of administrative bodies." (internal quotation marks and citation omitted)) *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimnio*, 501 U.S. 104 (1991).

Given this charge, it is unreasonable to expect that a failure to accommodate investigation would have grown out of this charged disparate treatment claim. The EEOC charge articulates that the discrimination occurred on a specific day, May 22, 2019, not that it was ongoing for a period of time as Matthys now alleges in relation to his failure to accommodate claim. It is also indisputable that Matthys did not specify a claim for failure to accommodate in his charge—he provides that he was issued a positive pressure respirator and never articulates that Barrick failed to provide this reasonable accommodation. Further, disparate impact and failure to accommodate claims are distinct claims and would be treated as such during any EEOC investigation. *See McGary v. City of Portland*, 386 F.3d 1259, 1265-66 (9th Cir. 2004) (collecting cases from different circuits articulating that a disparate treatment or disparate impact claim is distinct from a reasonable accommodation claim).

Plaintiff argues that the second paragraph of his factual statement, which begins with a lowercase "shortly", shows that the EEOC employee who filled out Matthys form left out the information related to the failure to accommodate claim. While other information, like an intake questionnaire may be taken into account to determine whether Matthys properly exhausted his administrative remedies, here, Matthys has neither incorporated by reference or attached the questionnaire to his First Amended Complaint or otherwise pled facts to support that he included his failure to accommodate complaint in the October 2019 EEOC charge. *See Maui Police Dept.*, 276 F.3d at 1102 ("If the charge itself is deficient in recording her theory of the case due to the negligence of any agency representative who completes the charge form, then the plaintiff may present her pre-complaint questionnaire as evidence that her claim for relief was properly exhausted."). Unlike in *B.K.B. v. Maui Police Department*, nothing in the pleading supports that this information was left out due to the negligence of an agency representative and not the plaintiff's own failure to include the information. Because the Court finds that plaintiff's failure to accommodate claim is not reasonably related to the allegations contained within Matthys October 2019 charge, his claim must be dismissed for failure to exhaust his administrative remedies.

Barrick further moves to dismiss Matthys disparate treatment claim, which is also contained within his first cause of action. It is undisputed that Matthys' charge fully incorporates

1  this claim; Barrick only argues that the claim should be dismissed because it was pled in

2  conjunction with plaintiff's failure to accommodate claim. The case law cited by Barrick does not

3  support dismissal simply because the claims were pled together. While for clarity, plaintiffs should

4  plead claims founded on separate transactions or occurrences separately (*see* FED. R. CIV. P.

5  10(b)), it is not required in this context. The Court notes that if Matthys chooses to amend his First

6  Amended Complaint, he should consider pleading his disparate treatment and failure to

7  accommodate claims separately where applicable.

8        Matthys second cause of action is for discrimination in violation of Nevada law,

9  NRS § 613.330. In this claim, Matthys does nothing more than indicate that all other paragraphs

10 set forth are incorporated by reference and asserts a legal conclusion that defendant violated

11 NRS § 613.330 by discriminating against the plaintiff. *See* ECF No. 8 ¶¶ 39-40. He does not

12 indicate under which theory (disparate treatment or failure to accommodate) he pleads this

13 discrimination claim. Such a pleading, that offers only labels and conclusions is insufficient and

14 fails to meet the pleading standard required by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and

15 *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Accordingly, the Court dismisses

16 plaintiff's second cause of action.

17
18   **B. Matthys' third cause of action for blacklisting, in violation of NRS § 613.210, and
      fourth cause of action for preventing him from obtaining new employment, in
      violation of NRS § 613.200, are dismissed with prejudice because the statutes do not
19    provide a private right of action.**

20       The Court agrees with other courts in this District and finds that NRS § 613.210 is a

21 criminal statute and does not provide a private right of action. *See Shoemaker v. Northrop

22 Grumman Corp.*, Case No. 2:08-cv-01793-RLH-RJJ, 2011 WL 6026122, at *3 (D. Nev. Dec. 2,

23 2011) *affirmed by* 567 Fed.Appx. 481, 482 (9th Cir. 2014); *Minshew v. Donley*, 911 F.Supp.2d

24 1043, 1061-62 (D. Nev. 2013); *Johnson v. Pink Spot Vapors Inc.*, Case No. 2:14-CV-1960 JCM

25 (GWF), 2015 WL 433503, at *7 (D. Nev. Feb 3, 2015). Accordingly, the Court grants Barrick's

26 motion to dismiss Matthys' third cause of action.

27       Similarly, the Court finds that NRS § 613.200 likewise does not provide a private right of

28 action and agrees with the reasoning of this District Court in *Kwiatkowski v. Hartford Fire*

*Insurance Company*, Case No. 2:08-CV-00730-BES-LRL, 2009 WL 10679299, at \*2-3 (D. Nev. Jan. 29, 2009) (finding that the plain language of NR § S 613.200, as well as the statutory scheme of Chapter 613 and that the legislature knows how to provide for an express private right of action, weighed against finding a private right of action); *see also Minshew v. Donley*, 911 F.Supp.2d 1043, 1061-62 (D. Nev. 2013) ("The parties agree no private right of action exists under the identified statutory provisions."). Accordingly, the Court grants Barrick's motion to dismiss Matthys' fourth cause of action.

### C. Matthys' fifth cause of action for intentional interference with prospective economic advantage is dismissed for failure to state a claim.

Under Nevada law, to sufficiently plead a claim for intentional interference with prospective economic advantage, a plaintiff must allege: (1) the existence of a prospective contractual relationship between the plaintiff and a third party; (2) knowledge by the defendant of that prospective relationship; (3) an intent to harm the plaintiff by preventing or interfering with the prospective contractual relationship; (4) the absence of privilege or justification by the defendant; and (5) actual harm to the plaintiff as a result of the defendant's conduct. *Leavitt v. Leisure Sports, Inc.*, 734 P.2d 1221, 1225 (Nev. 1987); *see also Wichinsky v. Mosa*, 847 P.2d 727, 729-30 (Nev. 1993). In order to establish the requisite intent to harm, a plaintiff "must show that the means used to divert the prospective advantage was unlawful, improper or was not fair and reasonable." *Custom Teleconnect, Inc. v. Int'l Tele-Servs., Inc.*, 254 F. Supp. 2d 1173, 1181 (D. Nev. 2003); *see also Las Vegas-Tonopah-Reno Stage Line, Inc., v. Gray Line Tours of S. Nev.*, 792 P.2d 386, 287 n. 1 (Nev. 1990) (emphasizing that "[i]mproper or illegal interference is crucial to the establishment of this tort"). Further, to allege actual harm, a plaintiff must allege that he "would have been awarded the contract but for the defendant's interference." *Bally Tech., Inc., v. Bus. Intelligence Solutions*, Case No. 2:10-CV-00440-PMP-GWF, 2012 WL 3656498, at \* 4 (D. Nev. Aug. 23, 2012); *see also Roche v. Audio Visual Servs. Grp., Inc.*, Case No. 2:09-CV-01810-LDG, 2011 WL 2971034, at \* 5 (D. Nev. July 20, 2011) (holding that actual harm "is not satisfied when the pleadings indicate that the harm which occurred could just as easily have occurred due to acts other than those of the Defendant."). Finally, in order to sufficiently allege a claim for intentional

interference with prospective business advantage, it is essential that the plaintiff plead facts showing that defendant interfered with plaintiff's relationship with a particular individual. *Damabeh v. 7 Eleven, Inc.*, Case No. 5:12-CV-1739-LKM, 2013 WL 1915867, at *9-10 (N.D. Cal. May 8, 2013). General allegations that the plaintiff had ongoing expectations in continuing economic relationships with prospective employers is insufficient. *Id.* at *10.

The Court finds that plaintiff has failed to allege facts in support of his claim for intentional interference with prospective economic advantage. His First Amended Complaint does little more than offer labels and legal conclusions and reiterate the statutory elements without providing facts to support the elements of the claim. Therefore, this pleading is insufficient and fails to meet the pleading standard required by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Accordingly, the Court grant's Barrick's motion on plaintiff's fifth cause of action.

## IV.    CONCLUSION

IT IS THEREFORE ORDERED that Barrick's motion to dismiss the First Amended Complaint (ECF No. 11) is **GRANTED in part and DENIED in part.** Matthys' first cause of action is dismissed in part in accordance with this Order with leave to amend; his second cause of action is dismissed with leave to amend; his third and fourth causes of action are dismissed with prejudice; and his fifth cause of action is dismissed with leave to amend.

IT IS FURTHER ORDERED that plaintiff is granted leave to file an amended complaint within **30 days** from the date of entry of this Order if he believes he may cure the deficiencies identified in this Order.

IT IS SO ORDERED.

DATED this 4th day of December, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

9