1  ANTHONY L. HALL, ESQ.
   Nevada Bar No. 5977
2  AHall@SHJNevada.com
   KENDRA J. JEPSEN, ESQ.
3  Nevada Bar No. 14065
   KJepsen@SHJNevada.com
4  JONATHAN A. MCGUIRE, ESQ.
   Nevada Bar No. 15280
5  JMcGuire@SHJNevada.com
   SIMONS HALL JOHNSTON PC
6  6490 S. McCarran Blvd., Ste. F-46
   Reno, Nevada  89509
7  Telephone: (775) 785-0088

8  *Attorneys for Defendant Barrick*
   *Turquoise Ridge, Inc.*

9

10

11                 **UNITED STATES DISTRICT COURT**

12                      **DISTRICT OF NEVADA**

13  BRUCE MATTHYS,                      CASE NO.:   3:20-cv-00034-LRH-CLB

14                 Plaintiff,
                                        **JOINT MOTION REGARDING**
15  v.                                  **DISCOVERY DISPUTE**

16  BARRICK TURQUOISE RIDGE, INC., a
    Delaware Corporation,
17
                   Defendants.
18

19

20          Plaintiff Bruce Matthys ("Plaintiff" or ("Matthys") and Defendant Barrick Turquoise Ridge,

21  Inc. ("Defendant" or "Barrick") (collectively, the "Parties") by and through their respective counsel,

22  herby file this Joint Motion Regarding Discovery Dispute ("Motion").

23                 **MEMORANDUM OF POINTS AND AUTHORITIES**

24          Plaintiff issued the initial version of his deposition notice on April 8, 2021.  Defendant sent

25  Plaintiff a meet and confer regarding the initial version of his deposition notice on May 26, 2021.

26  The lead attorneys met and conferred regarding the Deposition Notice on June 10, 2021.  In response

27  to that meet and confer, Plaintiff issued Plaintiffs' Amended Notice of Deposition of Defendant

28  Barrick Turquoise Ridge, Inc. Under FRCP Rule 30(b)(6) on June 16, 2021.

1    Defendant sent a revised meet and confer letter to Plaintiff on June 22, 2021.  The revised

2    meet and confer is attached hereto as **Exhibit 1**.  Plaintiff sent Defendant a written response on July

3    6, 2021.  Defendant's response is attached hereto as **Exhibit 2**.  The parties met and conferred again

4    on July 7, 2021.  After this meet and confer, Plaintiff served a Second Amended Notice of Deposition

5    of Defendant Barrick Turquoise Ridge, Inc. Under FRCP Rule 30(b)(6) ("Notice") a copy of which

6    is attached hereto as **Exhibit 3**.  Despite their diligent efforts, the parties were unable to resolve the

7    issue outlined below.

8    **I.      STATEMENT OF THE UNRESOLVED ISSUE**

9    The parties dispute whether Plaintiffs' Notice is overly broad and unduly burdensome.

10   Defendant's central contention is that the Notice impermissibly seeks to require Defendant to

11   produce a witness to testify regarding nearly every facet of this litigation.

12   **II.     SUMMARY OF EACH PARTIES POSITION**

13   **A.      Defendant Contends the Notice is Overly Broad and Unduly Burdensome**

14   Defendant is aware that Plaintiff has recently been challenged in another case pending before

15   this Court regarding a similar use of a Rule 30(b)(6) deposition.  Defendant's counsel presently has

16   three cases with Plaintiff's counsel on the other side.  Because Plaintiff is attempting a novel

17   discovery tactic that is not supported by Rule 30(b)(6) and because Plaintiff's Notice is overly broad

18   and unduly burdensome, Defendant is seeking leave of this Court to file a motion for protective

19   order.

20   Plaintiff is attempting to use the Notice as the only method of obtaining evidence on nearly

21   every aspect of the case, which is not a proper utilization of Rule 30(b)(6).  *United States v. HVI Cat*

22   *Canyon, Inc.,* 2016 WL 11683593, *8 (C.D. Cal. Oct. 26, 2016).  Additionally, further strengthening

23   Defendant's argument was Plaintiff's failure to describe a number of the matters with sufficient

24   particularity.  "Generally, the party noticing a Rule 30(b)(6) deposition must take care to designate,

25   with painstaking specificity, the particular subject areas that are to be covered." *Izzo v. Wal–Mart*

26   *Stores, Inc.*, 2016 WL 409694, at *2 (D. Nev. Feb. 2, 2016) (quoting *U.S. E.E.O.C v. Bank of Am.*,

27   2014 WL 7240134, at *5 (D. Nev. Dec. 18, 2014)); *see also Goodman v. Walmart Inc.*, No.

28   219CV01707JCMEJY, 2020 WL 3621245, at *2 (D. Nev. July 2, 2020).

SIMONS HALL JOHNSTON PC
6490 S. McCarran Blvd., Ste. F-46
Reno, NV 89509
Phone: (775) 785-0088

SIMONS HALL JOHNSTON PC
6490 S. McCarran Blvd., Ste. F-46
Reno, NV 89509
Phone: (775) 785-0088

A corporation "need not make extreme efforts to obtain all information possibly relevant to the requests." *In re JDS Uniphase Corporation Sec. Litig.*, 2007 WL 219857, *1 (N.D. Cal. Jan. 29, 2007). As stated in *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2012 WL 1511901, *2 (N.D. Cal. Jan. 27, 2012),

> Yet the purpose served by Fed.R.Civ.P. 30(b)(6) – to require an organization to identify and designate a witness who is knowledgeable on the noticed topic, particularly whether the noticing party is unable to itself identify an appropriate witness because that knowledge lies with the organization – does not extend to burdening the responding party with production and preparation of a witness on every facet of the litigation. This would render unworkable the obligation of the responding party to ''make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them fully and unevasively answer questions about the designated subject matter,'' as that task becomes less realistic and increasingly impossible as the number and breadth of noticed subject areas expand.

*Id.* (citations omitted). "It is simply impractical to expect Rule 30(b)(6) witnesses to know the intimate details of everything." *HVI Cat Canyon*, 2016 WL 1228605, *8 (quoting *Fed. Ins. Co. v. Delta Mech. Contractors, LLC*, 2013 WL 1343528, at *4 (D. R.I. Apr. 2, 2013)). Plaintiff attempts to distinguish these cases but has failed to identify any authority permitting such a broad Notice.

Plaintiff's Notice contains forty topics, and Defendant cannot possibly address each one here given the page limitations.[1] Topic No. 8 is exemplary as it would require a review of every complaint or need for an accommodation Defendant has experienced in the two years preceeding Plaintiff's termination to determine whether any of those complaints or issues involved disability discrimination. There is no central database for such information. No single person has the requisite knowledge to respond and this would involve a significant investigation which would involve talking to every human resource employee and every supervisor and manager to identify the required information. This step is just the beginning of this overbroad and unduly burdensome request because once the possible situations were identified, instead of requiring specific information, the

---

[1] Defendant also raised issues regarding privilege and work product as to Topic Nos. 17-40 to the extent it seeks the "legal theories, mental impressions, or opinions" of defense counsel. *Catt*, 2009 WL 1228605, *9.

SIMONS HALL JOHNSTON PC
6490 S. McCarran Blvd., Ste. F-46
Reno, NV 89509
Phone: (775) 785-0088

1    request demandsknowledge of all the "facts and circumstances" of each employee situation

2    identified.  It would not be possible to identify all the facts and circumstances of even one employee

3    situation, much less all of them of a two-year period.  Due to space limitations, we cannot go through

4    each of the requests, but the requests include similar or the same defects throughout the Notice.

5              **B.      Plaintiff Contends the Notice Complies with the Rule**

6              Plaintiff wonders which parts of the case Defendant would have him refrain from  asking

7    questions about?  What allegations that Defendant makes are off limits?  Where in the Federal Rules

8    are these limitations?  The Federal Rules Committee was requested to place numerical limits on

9    topics in Rule 30(b)(6) in 2016 and recognized the folly of doing so and flatly rejected the proposal.

10   Should Defendant be permitted to ask Plaintiff about all aspects of his contentions and allegations

11   in the case, or to establish facts in support of Defendant's defenses?  If so, then why should Plaintiff

12   be restricted provided he informs the Defendant with reasonable particularity of the topics for inquiry

13   so that it can prepare?  Defendant is a party to this lawsuit and has information on the topics set forth

14   in the operative deposition notice. (Ex. 3) It must testify to that knowledge and information.

15             Plaintiff is perplexed at the suggestion that he has come up with "a novel discovery tactic"

16   by serving a Rule 30(b)(6) deposition notice asking about factual contentions regarding Defendant's

17   Answer containing denials of allegations in the operative complaint.  How is this new?  This is NOT

18   Plaintiff's "only method of obtaining evidence on nearly every aspect of the case" as Defendant

19   knows that it has responded to Interrogatories, Requests for Production, and Requests for

20   Admissions that were served in April.   Defendant knows that Plaintiff will depose individual

21   percipient witnesses as well as Thyssen Mining, the company that Plaintiff was denied employment

22   with because of Defendant's tortious interference.   The Federal Rules specifically provide that

23   Plaintiff can choose the methods and sequence of his discovery in the case.  FRCP Rule 26(d); *Keller*

24   *v. Edwards*, 206 F.R.D. 412, 415 (D.Md. 2002) (citing FRCP 26 Advisory Committee's Note to the

25   1970 amendment).  Defendant does not get to control Plaintiff's discovery methods and sequencing.

26             Plaintiff is not required "to identify any authority permitting such a broad Notice." A party

27   seeking issuance of a protective order bears the burden of persuasion.  *Herndon v. City of Henderson*,

28   No. 2:19-cv-00018-GMN-NJK, 2020 U.S. Dist. LEXIS 253475, at *4 (D. Nev. Sep. 29, 2020) (citing

SIMONS HALL JOHNSTON PC
6490 S. McCarran Blvd., Ste. F-46
Reno, NV 89509
Phone: (775) 785-0088

*U.S. E.E.O.C. v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006)). Under the liberal discovery principles of the Federal Rules, a party seeking a protective order carries a heavy burden of showing why discovery should be denied. *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975). "A showing that discovery may involve some inconvenience or expense is likewise insufficient to obtain a protective order." *Id.* (citing *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997)).

Plaintiff's deposition notice (Ex. 3) is not objectionable. It is proportional to the needs of the case because it is narrowly focused on the claims and defenses. Defendant presents no specific facts to dispute this. With respect to Topic 8, this is not that difficult—simply ask Human Resources what complaints of disability discrimination or failure to accommodate they have received in the past two years and what those complaints, if any, were about. Defendant provides no specifics as to how this would be burdensome. Read carefully: the topic is limited to those complaints that came to *Human Resources*. Defendant exaggerates the scope. How may Human Resources employees would have to be asked about this? Defendant does not say. Plaintif doubts the number could be more than three or four. Not burdensome.

Defendant cites cases that are nothing like this employment discrimination matter. *United States v. HVI Cat Canyon, Inc.,* 2016 WL 11683593 (N.D. Cal. 2016) is an environmental enforcement action by the U.S. Government on behalf of the EPA and the Coast Guard, and by the State of California regarding 21 unlawful oil spills at 12 oil and gas production facilities over a five-year period. The deposition notice in that case had 66 numbered topics, but with subparts and the fact that several of the topics asked for information from all 12 sites where multiple spills had occurred (in the same topic), the notice was far beyond the 66 numbered topics. Not a similar case.

*Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2012 WL 1511901, *2 (N.D. Cal. Jan. 27, 2012) ivolved a massive complex patent infringement case that says something along the lines of not being able to ask about every facet of the litigation in a Rule 30(b)(6) deposition. The court should go onto PACER and look at that case in the N.D. of California. The docket alone is dozens of pages long with well over 5,000 events listed. The list of the lawyers involved runs on for several pages. And, upon reading the facts of the case, it is discovered that the deposition notice at issue in the cited

January 27, 2012 order (ECF 673) involved a notice that was 46 single spaced pages with 229 numbered topics, which Apple contended contained over 600 subparts in a massive patent infringement suit between two tech giant companies.  This is also not like our case.

**III.     EACH PARTY'S PROPOSED COMPROMISE**

      **A.     Defendant's Compromise**

Consistent with Rule 30(b)(6) this Court order Plaintiff to narrow his notice to a list of topics which Defendant can reasonably investigate and prepare witnesses to testify to without creating an undue burden on Defendant.

      **B.     Plaintiff's Compromise**

Plaintiff has presented a proper Rule 30(b)(6) Notice.  The deposition should proceed.

The undersigned counsel attests that they met and conferred in good faith prior to the filing of this Motion.

DATED this 6th day of August, 2021.

BY:   /s/ James P. Kemp
    JAMES P. KEMP, ESQ.
    Nevada Bar No. 6375
    JP@Kemp-attorneys.com
    7435 W. Azure Drive, Suite 110
    Las Vegas, Nevada 89130
    Phone: (702) 258-1183
    Fax: (702) 258-6983

    *Attorneys for Plaintiff*

DATED this 6th day of August, 2021.

BY:   /s/ Anthony L. Hall
    ANTHONY L. HALL, ESQ.
    Nevada Bar No. 5977
    AHall@SHJNevada.com
    JONATHAN A. MCGUIRE, ESQ.
    Nevada Bar No. 15280
    JMcGuire@SHJNevada.com
    SIMONS HALL JOHNSTON PC
    6490 S. McCarran Blvd., Ste. F-46
    Reno, Nevada 89509
    Telephone: (775) 785-0088

    *Attorneys for Defendant*

SIMONS HALL JOHNSTON PC
6490 S. McCarran Blvd., Ste. F-46
Reno, NV 89509
Phone: (775) 785-0088