UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRUCE MATTHYS,<br><br>  Plaintiff,<br><br>v.<br><br>BARRICK GOLD OF NORTH AMERICA, INC., *et al.*,<br><br>  Defendants. | Case No. 3:20-CV-00034-LRH-CLB<br><br>**ORDER GRANTING, IN PART, AND DENYING, IN PART, JOINT MOTION REGARDING DISCOVERY DISPUTE**<br><br>[ECF No. 45] |

Pending before the Court is Plaintiff Bruce Matthys ("Matthys") and Defendant Barrick Turquoise Ridge, Inc.'s ("Barrick") joint motion regarding discovery dispute. (ECF No. 45.) The discovery dispute relates to a noticed Rule 30(b)(6) deposition. For the reasons discussed below, the joint motion is granted, in part, and denied, in part.

**I.    BACKGROUND**

The instant case arises out of allegations of discrimination in violation of the Americans with Disabilities Act and Nevada Revised Statute § 613.330, as well as a claim of intentional interference with prospective economic advantage, in relation to Matthys's employment by Barrick at a mine site near Golconda, Nevada. (ECF No. 29.)

In accordance with this Court's discovery dispute process, the parties have filed a joint motion regarding discovery dispute regarding a noticed Rule 30(b)(6) deposition. (ECF No. 45.) The parties contest the appropriateness of Matthys's Second-Amended Rule 30(b)(6) deposition notice to Barrick that covers forty topics, spanning roughly ten pages. (*See* ECF No. 45-3.)

**II.    LEGAL STANDARD**

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

"The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg. Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). Nonetheless, a party from whom discovery is sought may move for a protective order to prevent annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1). The party seeking issuance of a protective order bears the burden of persuasion. *U.S. E.E.O.C. v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006) (citing *Cipollone v. Liggett Grp.*, 784 F.2d 1108, 1121 (3d Cir. 1986)). Such a burden is carried by demonstrating a particular need for protection supported by specific facts. *Id.* To that end, courts "insist[] on a particular and specific demonstration of fact, as distinguished from conclusory statements," to issue a protective order. *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, are insufficient. *Caesars Entertainment*, 237 F.R.D. at 432. A showing that discovery may involve some inconvenience or expense is likewise insufficient to obtain a protective order. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).

District courts possess "wide discretion to determine what constitutes a showing of good cause and to fashion a protective order that provides the appropriate degree of protection." *Swenson v. GEICO Cas. Co.*, 336 F.R.D. 206, 209 (D. Nev. Aug. 19, 2020) (quoting *Grano v. Sodexo Mgmt., Inc.*, 335 F.R.D. 411, 414 (S.D. Cal. Apr. 24, 2020)). Where grounds for a protective order have been established, courts have a variety of options to rectify the situation, including preventing the discovery or specifying the terms on which the discovery will be conducted. Fed. R. Civ. P. 26(c)(1)(A), (B).

**III.   DISCUSSION AND ANALYSIS**

It does not appear that Barrick opposes Matthys's ability to take a Rule 30(b)(6) deposition in this case as a general matter. Instead, Barrick argues that the Second-Amended Notice of Deposition is overly broad and unduly burdensome. (ECF No. 45 at 2.) Matthys's position is the deposition notice is not objectionable, as it is proportional to the needs of the case because it is narrowly focused on the claims and defenses. (*Id.* at

5.) Barrick requests that the Court order Matthys to narrow his Rule 30(b)(6) notice to a list of topics which Barrick can reasonably investigate and prepare witnesses to testify to, without creating an undue burden on Barrick. (*Id.* at 6.) Matthys asserts he has presented a proper Rule 30(b)(6) notice and the deposition should proceed accordingly. (*Id.*)

"The purpose of a Rule 30(b)(6) deposition is to streamline the discovery process." *Risinger v. SOC, LLC*, 306 F.R.D. 655, 662 (D. Nev. 2015). A deposition taken pursuant to Rule 30(b)(6) requires a corporation to designate knowledgeable persons and "to prepare them to fully and unevasively answer questions about the designated subject matter." *Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co.*, 251 F.R.D. 534, 539 (D. Nev. 2008). Because of the burden and responsibilities imposed on the corporation, the deposing party, "must describe with reasonable particularity the matters for examination. Fed. R. Civ. P. 30(b)(6).

That said, "[i]t is simply impractical to expect a Rule 30(b)(6) witness to know the intimate details of everything." *United States v. HVI Cat Canyon, Inc.*, Case No. CV 11-5097 FMO (SSx), 2016 WL 11683593, at *8 (C.D. Cal. Oct. 26, 2016). "While [Rule] 26(b)(1) permits a party to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, courts have limited discovery where the breadth of subjects and number of topics identified in a [Rule] 30(b)(6) deposition notice renders a responding party's efforts to designate a knowledgeable person unworkable." *Reno v. W. Cab Co.*, Case No. 2:18-cv-00840-APG-NJK, 2020 WL 5902318, at *2 (D. Nev. Aug. 31, 2020) (citing *Luken v. Christensen Grp. Inc.*, Case No. C16-5214 RBL, 2018 WL 1994121, at *2 (W.D. Wash. Apr. 27, 2018)).

"The reasonableness of the length and scope of a deposition notice turns on the circumstances of each case." *Reno*, 2020 WL 5902318, at *2 (citing *Bowers v. Mortgage Elec. Registration Sys., Inc.*, Civil Case No. 10-4141-JTM, 2011 WL 6013092, at *7 (D. Kan. Dec. 2, 2011) (holding that Rule 30(b)(6) deposition notice with 22 topics was improperly excessive based on the circumstances of that case); *United States v. HVI Cat*

*Canyon, Inc.*, Case No. CV 11-5097 FMO (SSx), 2016 WL 11683593, at *8, 9 (C.D. Cal. Oct. 26, 2016) (finding in "undisputedly complex case" that a Rule 30(b)(6) notice with 12 pages of topics was impermissibly "vast")).

  The Court agrees with Barrick that the 40 topics in the Rule 30(b)(6) deposition notice served in this case are excessive and unreasonable given the circumstances of this case, including the relatively straightforward nature of the claims and defenses. Rather than targeting those issues in which Rule 30(b)(6) testimony is truly needed, the deposition notice appears to have been drafted to cover nearly every conceivable facet of this litigation. This is improper, overly burdensome, and clearly disproportional to the needs of the case. Finally, burdening the defense with the task of trying to prepare a deponent on the 40 topics in the pending deposition notice is not appropriate in the circumstances of this case and likely any similarly situated case.

  In analyzing the excessiveness of Rule 30(b)(6) topics, courts do not generally engage in an item-by-item analysis to allow particular topics and rule out others. *Reno*, 2020 WL 5902318, at *3, n. 3, (citing *F.D.I.C. v. Wachovia Ins. Servs., Inc.*, Case No. 3:05 CV 929 (CFD), 2007 WL 2460685, at *5 (D. Conn. Aug. 27, 2007)). Instead, courts generally issue a protective order precluding enforcement of the notice as currently drafted without prejudice to the issuance of a new notice with appropriately narrowed topics. *Id.*, (citing *Apple Inc. v. Samsung Elecs. Co.*, Case No. C 11-1846 LHK (PSG), 2012 WL 1511901, at *3 (N.D. Cal. Jan. 27, 2012)). Accordingly, the Court finds that the Second-Amended Rule 30(b)(6) deposition notice as currently drafted is excessive and improper and should be redrafted in accordance with this order.

///
///
///
///
///
///

### IV. CONCLUSION

For the reasons discussed above, the joint motion regarding discovery dispute (ECF No. 45) is **GRANTED, as to Barrick's request, and DENIED, as to Matthys's request.**

Accordingly, Barrick's request that a protective order be issued, is **GRANTED**. Matthys is required to serve a narrowed deposition notice in compliance with this order.

**IT IS SO ORDERED.**

DATE: August 13, 2021.

_____
**UNITED STATES MAGISTRATE JUDGE**