UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRUCE MATTHYS,<br><br>                        Plaintiff,<br><br>   v.<br><br>BARRICK TURQUOISE RIDGE, INC., a Delaware corporation,<br><br>                        Defendant. | Case No. 3:20-cv-00034-LRH-CLB<br><br>ORDER |

Before the Court is Defendant Barrick Turquoise Ridge, Inc.'s ("Barrick") motion for leave to exceed the page limit for its reply in support of summary judgment (ECF No. 85) and Plaintiff Bruce Matthys' ("Matthys") motion to strike (ECF No. 88). Matthys and Barrick each opposed the motions respectively (ECF Nos. 87 and 90) and filed replies in support (ECF Nos. 89 and 91). For the reasons contained within this Order, the Court grants Barrick's motion to exceed page limits (ECF No. 85) and denies Matthys' motion to strike (ECF No. 88).

Barrick seeks leave of the Court to file a reply brief that exceeds the twenty-page limit dictated by Local Rule 7-3. ECF No. 85. Matthys opposes Barrick's motion based upon two arguments: (1) Barrick exceeded the page limit by, according to Matthys, seventy-five (75) pages; and (2) Barrick engaged in "sandbagging" by attaching exhibits that were not attached to its motion for summary judgment, some of which appear to be "new evidence." ECF No. 87 at 1. Barrick maintains the reply exceeds the page limit by only thirteen (13) additional pages as Matthys incorrectly includes exhibits attached to the reply when counting the number of pages. ECF No. 89 at 4-5. Barrick asserts the additional pages were necessary to address new or repeated arguments

1

made by Matthys in its opposition, pointing out that: (1) for the first time, Matthys requested to "abandon his federal claims;" (2) Matthys relitigated the issue of administrative exhaustion of his failure to accommodate claim; (3) Matthys' raised numerous factual issues, without regard to establishing the admissibility of such evidence; (4) Matthys attempted to raise as many issues as possible regardless of whether those issues are genuine or material to the dispute; and (5) Matthys raised several arguments that documents produced in this case refute. *Id.* at 2-3, ¶¶ 5-9.

Local Rule 7-3 limits a reply in support of a motion for summary judgment to twenty pages, however it allows parties to file motions to exceed page limits. *See* Local Rule 7-3(a), (c). While it cautions that courts look with disfavor on such motions and permission to exceed this page limits will not be "routinely granted," it authorizes district courts to grant such motions upon a showing of good cause. *Id.* Also, although Local Rule 7.3(a) expressly excludes exhibits from the total page count towards the page limit on motions for summary judgment and oppositions to those motions, such language is not included in regard to replies.

The Court finds that the breadth and nature of the factual and legal issues presented by Matthys in his opposition brief warrants an exception to the general twenty-page limit. Good cause exists to allow Barrick to exceed the page limit on replies because Matthys includes several positions and raised several arguments that documents produced in this case refute. Because the main purpose of a reply brief is to rebut the nonmovant's response, there is nothing unfair or improper about permitting Barrick to fully respond, including by allowing the attached exhibits, to positions and arguments taken by Matthys in his opposition brief and address each of Matthys' attempts to create disputes of fact. *See Vitale & Assocs., LLC v. Lowden*, No. 2:12-cv-01400-JAD-VCF, 2014 WL 1764715, at *4 (D. Nev. May 2, 2014); *see, e.g., Evans v. Encore Event Techs., Inc.*, No. 2:15-cv-01120-GMN-CWH, 2017 WL 986357, at *1 n.1 (D. Nev. Mar. 14, 2017) ("In a reply, a party may use evidence to rebut evidence presented in an opposition to a motion for summary judgment.").

Additionally, after careful review, the Court agrees that each of Barrick's exhibits attached to the reply are not offered for any other purpose than to respond to Matthys' opposition arguments. *See* ECF 90 at 5-9. Therefore, the Court finds that none of the exhibits attached to Barrick's reply

constitute new evidence that the Court should disallow. *See Meinnert v. Holley*, No. 3:20-cv-00255-RCJ-CSD, 2022 WL 16527724, at *4 (D. Nev. Oct. 28, 2022) (explaining that evidence is not new if it is submitted in direct response to proof adduced in opposition to a motion and provided for the mere purpose of responding to the opposing party's arguments). Moreover, it is in the interest of judicial economy to allow a party to provide relevant, admissible evidence to refute the opposing party's arguments. To allow Matthys to argue in his opposition that important GPS data relied upon by Barrick in this action is not accurate but deny Barrick the opportunity to refute Matthys' argument would contravene judicial fairness and principles of equity.

Finally, the Court finds the absence of terms "excluding exhibits" from the portion of Local Rule 7.3(a) that sets the page limit for replies is not a valid reason to fully strike Barrick's reply. Thus, the Court denies Matthys' motion to strike.

IT IS THEREFORE ORDERED that Barrick's motion to exceed the page limits on replies (ECF No. 85) is **GRANTED**.

IT IS FURTHER ORDERED that Matthys' motion to strike (ECF No. 88) is **DENIED**.

IT IS SO ORDERED.

DATED this 29th day of September, 2023.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3